IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | } } } | |
| Plaintiff, | } } | CIVIL ACTION NO. 3:17-cv-00538-N |
| v. | } } | SECOND AMENDED COMPLAINT |
| L-3 COMMUNICATIONS INTEGRATED SYSTEMS, LP d/b/a L-3 COMMUNICATIONS MISSION INTEGRATION | } } } } } } | JURY TRIAL DEMANDED |
| Defendant. | } } | |

## NATURE OF THE ACTION

This is an action under Title I of the American with Disabilities Act of 1990 ("ADA"), as amended by the ADA Amendments Act of 2008 ("ADAAA"), and Title I of the Civil Rights Act of 1991, to correct unlawful employment practices on the basis of disability and to provide appropriate relief to Andrew Connolly ("Charging Party"), who was adversely affected by such practices. As alleged with greater particularity in paragraphs 13-20 below, the Equal Employment Opportunity Commission ("the Commission") alleges that L-3 Communications Integrated Systems, LP d/b/a L-3 Communications Mission Integration ("Defendant") discriminated against Andrew Connolly in violation of the Americans with Disabilities Act, as amended, by terminating him because of his disability, Major Depressive Disorder, and by refusing to grant him a reasonable accommodation.

COMPLAINT                                                                                                      1

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343, and 1345. This action is authorized and instituted pursuant to Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Section 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3), and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. Section 1981(a).

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Northern District of Texas.

## PARTIES

3. Plaintiff, Equal Employment Opportunity Commission is an agency of the United States of America charged with the administration, interpretation and enforcement of Title I of the ADA and is expressly authorized to bring this action by Section 107(a) and Section 503(c) of the ADA, 42 U.S.C. § 12117(a) and 12203(c), which incorporates by reference Section 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4. At all relevant times, Defendant L-3 Communications Integrated Systems, LP d/b/a L-3 Communications Mission Integration has continuously been doing business in cities across the State of Texas and has continuously had at least 15 employees.

5. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce under Section 101(5) of the ADA, 42 U.S.C. § 12111(5), and Section 101(7) of the ADA, 42 U.S.C. § 12111(7), which incorporates by reference Section 701(g) and (h) of Title VII, 42 U.S.C. § 2000e(g) and (h).

6. At all relevant times, Defendant has continuously been a covered entity under Section 101(2) of the ADA, 42 U.S.C. Section 12111(2).

## ADMINISTRATIVE PROCEDURES

7. More than thirty days prior to the institution of this lawsuit, Andrew Connolly filed a charge with the Commission alleging violations of the ADA.

8. On August 18, 2016, the Commission issued to Defendant a Letter of Determination finding reasonable cause to believe that the ADA was violated and inviting Defendant to join with the Commission in informal methods of conciliation to endeavor to eliminate the unlawful employment practices and provide appropriate relief. It issued an Amended Letter of Determination on September 16, 2016, which included the Commission's finding on Mr. Connolly's claim of failure to accommodate.

9. The Commission engaged in communications with Defendant to provide Defendant the opportunity to remedy the discriminatory practices described in the Letter of Determination and Amended Determination. Defendant indicated to the Commission that it did not wish to engage in conciliation.

10. The Commission was unable to secure from Defendant a conciliation agreement acceptable to the Commission.

11. On September 26, 2016, the Commission issued to Defendant a Notice of Failure of Conciliation advising Defendant that the Commission was unable to secure from Defendant a conciliation agreement acceptable to the Commission.

12. All conditions precedent to the institution of this lawsuit have been fulfilled.

## STATEMENT OF CLAIMS

13. Since at least December 2014, Defendant has engaged in an unlawful employment practice at its Greenville, Texas location, in violation of Title I of the ADA, as amended, 42 U.S.C. §§ 12101 *et seq*. The unlawful practice was to discriminate against Andrew Connolly by

terminating him because of his disability, Major Depressive Disorder, and refusing to grant him a reasonable accommodation in violation of 42 U.S.C. § 12112(a), as amended.

14.   Andrew Connolly is a qualified individual with a disability under Sections 3 and 101(8) of the ADA, 42 U.S.C. §§ 12102 and 12111(8).  At all relevant times, Mr. Connolly has had an impairment, Major Depressive Disorder, that, when active, substantially limits him in the major life activities of interacting with others and concentrating, among others.

15.   Mr. Connolly was hired by the Defendant in June 2008 as Manufacturing Engineer II in the company's L-3 Mission Integration Division, and was promoted to Sr. Manufacturing Engineer in March 2011.

16.   Mr. Connolly suffered a depressive episode at work on or about September 4, 2014. He went out on medical leave as a result and returned on October 13, 2014, but suffered another depressive episode at work on October 20, 2014. Mr. Connolly received outpatient treatment for his Depression and attempted to resume work on October 29, 2014, having been given a full release from his psychiatrist. Defendant, however, refused to allow Mr. Connolly to return to work until he submitted to a Fitness for Duty evaluation, which was scheduled for November 11, 2014, and administered by a psychologist contracted by the Defendant.

17.   Dr. Kyle Babick provided a Fitness for Duty evaluation report to the Defendant in early December 2014, finding that Mr. Connolly could return to work without excessive absences related to his depression provided he continued treatment. The report further stated that this performance could be improved with additional support and training and frequent constructive feedback. The report suggested that a good "long run" outcome might be reassignment to a different position.

18.     On or about December 11, 2014, after receiving Dr. Babick's report, Defendant's Human Resources Specialist Jack Russell contacted Mr. Connolly and notified him that he was not going to be allowed to return to work and told him that he would either need to resign in lieu of termination or he would be involuntarily discharged.

19.     On or about December 17, 2014, Mr. Connolly requested a reasonable accommodation that would have allowed him to return to his position or to another position within the company but Defendant, in violation of the ADA, failed to provide any reasonable accommodation that would have allowed Mr. Connolly to resume work.

20.     Because Defendant failed to accommodate Mr. Connolly and refused to allow him to return to work, Mr. Connolly was forced to resign in lieu of termination on or about January 14, 2015. Defendant's decision to force Mr. Connolly's resignation was based on Mr. Connolly's disability, Major Depressive Disorder, in violation of the ADA.

21.     The unlawful employment practices complained of in paragraphs 13-20 above were intentional.

22.     The unlawful employment practices complained of in paragraphs 13-20 above were done with malice or with reckless indifference to the federally protected rights of Andrew Connolly.

## **PRAYER FOR RELIEF**

Wherefore, the Commission respectfully requests that this Court:

A.      Grant a permanent injunction enjoining the Defendant, its officers, agents, servants, employees, attorneys and all persons in active concert or participation with it from basing any termination decision on an employee's disability status.

SECOND AMENDED COMPLAINT

5

B. Order the Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for qualified individuals with disabilities, and which eradicate the effects of its past and present unlawful employment practices.

C. Order the Defendant to make whole Andrew Connolly, who was adversely affected by Defendant's discriminatory conduct, by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices.

D. Order the Defendant to make Andrew Connolly whole by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described above, including but not limited to medical and job search expenses.

E. Order the Defendant to make Andrew Connolly whole by providing compensation for past and future non-pecuniary losses resulting from the unlawful employment practices described above, including but not limited to, humiliation, emotional pain and suffering, stress, inconvenience, and loss of enjoyment of life, in amounts to be determined at trial.

F. Order the Defendant to pay Andrew Connolly punitive damages for its malicious and reckless conduct described above in amounts to be determined at trial.

G. Grant such further relief as the Court deems necessary and proper in the public interest.

H. Award the Commission its costs in this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its Complaint.

Respectfully submitted,

SECOND AMENDED COMPLAINT

6

JAMES LEE
Acting General Counsel

GWENDOLYN Y. REAMS
Associate General Counsel

ROBERT A. CANINO
Regional Attorney
Oklahoma State Bar No. 011782

SUZANNE M. ANDERSON
Supervisory Trial Attorney
Texas State Bar No. 14009470

/s/ Meaghan L. Kuelbs
MEAGHAN L. KUELBS
Texas Bar No. 24105277

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
Dallas District Office
207 Houston, 3rd Floor
Dallas, Texas 75202
(TEL)  (214) 253-2746
(FAX) (214) 253-2749