IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. 3:17-cv-00538-N |
| L-3 COMMUNICATIONS INTEGRATED SYSTEMS, LP d/b/a L-3 COMMUNICATIONS MISSION INTEGRATION | § § § § § § | |
| Defendant. | | |

## CONSENT DECREE

THIS CONSENT DECREE is made and entered into by and between Plaintiff, United States Equal Employment Opportunity Commission ("Plaintiff" or "EEOC"), and Defendant, L-3 Communications Integrated Systems, LP d/b/a L-3 Communications Mission Integration. ("L-3" or "Defendant"). This Consent Decree resolves the claims of Plaintiff EEOC in the above-referenced Civil Action No. 3:17-CV-00538-N. This Consent Decree shall not in any way be construed as an admission of liability or wrongdoing by Defendant. Defendant specifically denies and disclaims any such liability or wrongdoing.

The EEOC and the Defendant agree to compromise and settle the differences embodied in the Complaint filed by EEOC, and intend that the terms and conditions of the compromise and settlement be set forth in this Consent Decree ("Consent Decree").

NOW, THEREFORE, in consideration of the mutual promises and agreements set forth herein, the sufficiency of which is hereby acknowledged, the parties agree as follows, the Court finds appropriate, and therefore, it is ORDERED, ADJUDGED AND DECREED that:

1. This Court has jurisdiction of the subject matter of this action and the parties, venue is proper, and all administrative prerequisites to the filing of this action have been met. EEOC's Complaint states claims which, if proved, would authorize this Court to grant relief against Defendant.

2. This Consent Decree resolves all issues raised in EEOC's Complaint. Plaintiff and Andrew Connolly waive further litigation of all issues raised in the EEOC's Complaint. EEOC expressly reserves its right, however, to process and litigate any other charges which may now be pending, or which may in the future be filed, against Defendant.

3. During the term of this Consent Decree, Defendant, its officers, agents, successors and other persons in active concert or participation with it, or any of them, agree not to engage in any employment practice that discriminates against any employee on the basis of disability, and further agree not to retaliate against any person because of opposition to any practice declared unlawful under the Americans with Disabilities Act of 1990, as amended.

4. The duration of this Consent Decree shall be one (1) year from its effective date. The effective date of this Consent Decree will be the date when it is signed and filed by the Court. This Court shall retain jurisdiction of this action during the period of this Consent Decree, and may enter such other and further relief as it deems appropriate to ensure implementation and enforcement of the provisions of this Consent Decree.

5. Defendant agrees to pay to Andrew Connolly the full and final sum of $75,000 in consideration for the dismissal of all claims. The parties agree that $25,000 is designated as lost wages and Defendant will issue a W-2 to Mr. Connolly for that amount. A 1099 shall be issued for the remainder of $50,000. Payment shall be mailed directly to Andrew Connolly at the address provided to Defendant by the EEOC.

A copy of the settlement checks and any accompanying transmittal documents will be forwarded to the EEOC to the attention of Meaghan Kuelbs, EEOC, 207 S. Houston Street, Third Floor, Dallas, TX 75202.

6.      The payments referenced in paragraph 5 shall be made within 30 days after the effective date of this Consent Decree.  Defendant agrees to report to the EEOC within 30 days of entry of this Consent Decree regarding its compliance with this paragraph.

7.      Defendant shall post the notice attached to this Consent Decree as "Exhibit A." A copy of Exhibit A shall be displayed on all bulletin boards at all L-3 facilities where notices to Advanced Manufacturing Engineering employees are posted in the ordinary course of business. The notice shall be posted within ten (10) days of the effective date of this Consent Decree, and shall remain posted for the duration of this Consent Decree.

8.      During the term of the Consent Decree, Defendant agrees to conduct an annual training session for the Advanced Manufacturing Engineering Department employees advising them of the requirements and prohibitions of the Americans with Disabilities Act of 1990, as amended (ADA), the details of the company's policy on disability discrimination, and the company's procedure for reporting complaints of discrimination.  The training shall be conducted as a session of no less than one (1) hour.

9.      Prior to the date scheduled for the training described in paragraph 8, Defendant shall furnish to EEOC a written report describing the training, identifying the instructor(s), and describing all instructors' qualifications to conduct the training.  Within thirty days of the training described in paragraph 8, Defendant will send the EEOC a written verification that the training was completed.

10. All persons attending the training described in paragraph 8 shall acknowledge their attendance at that training by signing an attendance form. Defendant shall maintain attendance rosters for the period during which the Consent Decree is in effect and provide copies of said rosters to the EEOC annually.

11. Defendant will, within thirty (30) days of the effective date of this Consent Decree, send a written report to the EEOC confirming that Exhibit "A" was posted in compliance with this Consent Decree.

12. If Defendant fails to tender payment or otherwise fail to timely comply with the terms of paragraphs above, Defendant shall, as applicable:

   a. Pay interest at the rate calculated pursuant to 26 U.S.C. Section 6621(b) on any untimely or unpaid amounts; and

   b. Bear any additional costs incurred by the EEOC caused by the non-compliance or delay of the Defendant.

13. All reports to the EEOC required by this Consent Decree shall be sent to Meaghan Kuelbs, Trial Attorney, EEOC, 207 S. Houston St., Third Floor, Dallas, TX 75202.

14. The terms of this Consent Decree shall be binding upon the EEOC and upon the Defendant, its agents, officers, employees, servants, successors, and assigns.

15. Neither the EEOC nor Defendant shall contest the validity of this Consent Decree nor the jurisdiction of the federal district court to enforce this Consent Decree and its terms or the right of either party to the Consent Decree to bring an enforcement action upon breach of any term of this Consent Decree by either such party. Nothing in this Decree shall be construed to preclude the EEOC from enforcing this Decree in the event that Defendant fails to perform the

promises and representations contained herein. The EEOC shall be authorized to seek compliance with the Consent Decree through civil action in the United States District Court.

16. Each party shall bear its own costs, including attorneys' fees incurred in this action.

AGREED AS TO FORM AND SUBSTANCE:


FOR THE PLAINTIFF EQUAL EMPLOYMENT OPPORTUNITY COMMISSION:

JAMES LEE
Acting General Counsel

GWENDOLYN Y. REAMS
Associate General Counsel

/s/ Robert A. Canino
ROBERT A. CANINO
Regional Attorney
Oklahoma State Bar No. 011782

SUZANNE M. ANDERSON
Supervisory Trial Attorney
Texas State Bar No. 14009470

MEAGHAN L. KUELBS
Trial Attorney
Texas Bar No. 24105277


EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
Dallas District Office
207 Houston, 3rd Floor
Dallas, Texas 75202
(214) 253-2746
(214) 253-2749 (f)


FOR THE DEFENDANT L-3 COMMUNICATIONS:

/s/ Robert E. Sheeder
Robert E. Sheeder
Texas Bar No. 18174300
Morgan, Lewis & Bockius LLP
1717 Main St., Ste. 3200
Dallas, TX 75201
(214) 466-4110
(214) 466-4001 (f)

6

Signed this 10th day of June, 2019.

_____
David C. Godbey
United States District Judge

# **Attachment A**

### **NOTICE TO ALL EMPLOYEES**

Federal law requires that there be no discrimination against any employee or applicant for employment because of the individual's race, color, religion, sex, national origin, age (40 and over) or disability, with respect to hiring, promotion, firing, compensation, accommodation or other terms, conditions or privileges of employment.  Federal law also prohibits retaliation against any employee who files a charge of discrimination, or who cooperates with the government's investigation of a charge.

An employer cannot discriminate against qualified applicants and employees on the basis of disability.  Under the Americans With Disabilities Act, an <u>individual with a disability</u> is a person who has (a) a physical or mental impairment that substantially limits one or more major life activities; (b) a record of an impairment or (c) is regarded as having such an impairment.  The ADA also prohibits discrimination against a person because of their association or relationship with an individual with a known disability.  This prohibition covers all aspects of the employment process, including:

|   |   |   |   |
|---|---|---|---|
| * | application | * | promotion |
| * | testing | * | medical examinations |
| * | hiring | * | layoff/recall |
| * | assignments | * | termination |
| * | evaluation | * | compensation |
| * | disciplinary actions | * | leave |

Further, an employer cannot discriminate against an employee simply because he/she has a mental health condition. This includes firing an employee, rejecting him for a job or promotion, or forcing her to take leave.

An employer doesn't have to hire or keep people in jobs they can't perform, or employ people who pose a "direct threat" to safety (a significant risk of substantial harm to self or others). But an employer cannot rely on myths or stereotypes about your mental health condition when deciding whether you can perform a job or whether you pose a safety risk. Before an employer can reject you for a job based on your condition, it must have objective evidence that you can't perform your job duties, or that you would create a significant safety risk, even with a reasonable accommodation.

It is the policy of L-3 Communications that harassment of employees with disabilities is strictly prohibited, as it undermines the integrity of the employment relationship.  No disabled employee should be subjected to unsolicited, unwelcome name-calling, "jokes," comments or other harassing conduct, either verbal or physical, because of his or her disability.

Furthermore, under the ADA an employer must make a reasonable accommodation to the known physical or mental limitations of a qualified applicant or employee with a disability unless that

employer can show that the accommodation would cause an undue hardship on the operation of its business.  Some examples of reasonable accommodation include:

- Making existing facilities used by employees readily accessible to, and usable by, an individual with a disability;
- Job restructuring;
- Modifying work schedules;
- Reassignment to a vacant position;
- Acquiring or modifying equipment or devices; and,
- Providing qualified readers or sign language interpreters.

Each supervisor has a responsibility to maintain a workplace free of discrimination.  This duty includes discussing L-3's anti-discrimination policy with all employees and assuring them that they will not endure unequal treatment because of their race, color, sex, national origin, religion, age or disability, and reporting incidents involving discrimination. It also prohibits basing hiring and/or termination decisions on a person's race, color, sex, national origin, religion, age or disability, or because a person has complained of discrimination. Retaliation against individuals who raise concerns of discrimination is strictly prohibited.

An employee has the right, and is encouraged to exercise that right, to report allegations of discrimination in the workplace. An employee may do so by notifying his or her supervisor or another member of the management team; Human Resources; L3 local Ethics Office; or L3 Legal. L3's Corporate Ethics Office helpline is: 1-877-532-6339.